BORS (BAETJER v.). See Case No. 724.

## Case No. 1,664.

### Ex parte BORST.

[The case reported under above title in 1 Gaz. 18, is the same as Case No. 1,665.]

## Case No. 1,665.

### In re BORST.

[2 N. B. R. (1868) 171 (Quarto, 62); [1] 1 Gaz. 18.]

District Court, S. D. New York.

## Case No. 1,666.

### In re BORST.

[11 N. B. R. (1875) 96.] [1]

District Court, S. D. New York.

BANKRUPTCY—DISCHARGE—OPPOSITION.

1. A creditor, who has proved his debt after the time for the hearing of the application for discharge has expired, cannot be heard in opposition to such discharge, nor can his debt be counted among the claims proved, so as to affect the discharge.

[Cited in Re Read, Case No. 11,600; Re Ketchum, 1 Fed. 840; Re Read, 5 Fed. 722.]

2. The hearing of the case on the specification of the grounds of opposition mentioned in general order No. 24, is a different thing from the hearing of the application for discharge mentioned in section 33 of the bankrupt act [of 1867 (14 Stat. 533)].

[In bankruptcy. Application for discharge by John B. Borst.]

R. P. Lee, for creditors.
S. B. M. Stokes, for bankrupt.

BLATCHFORD, District Judge. The time of the hearing of the application for discharge, in the sense of the 33d section, for the purpose of filing the assent of creditors to the discharge, ended on the 27th of January. As the debt of Markert was proved after that, it cannot be counted among the claims proved which are to be taken into account. But I do not see how it makes any difference. With Markert's debt there are

[1] [Reprinted from 2 N. B. R. 171 (Quarto, 62), by permission.]
[1] [Reprinted by permission.]

five, and three assent without him, and there is a majority in value assenting in any event. The hearing of the case on the specification of the grounds of opposition, mentioned in general order No. 24, is a different thing from the hearing of the application for discharge mentioned in section 33. The latter is the return day of the order to show cause, whether the original day or the adjourned. On that day, the creditors are, by general order No. 24, required to enter appearances in opposition to the discharge if they desire to oppose it. At or before that day, the assent in writing to the discharge, if such assent is necessary, must and may be filed. Of course, by that day, all debts to be taken into account in computing the assent, must be proved. Then, within ten days after that day, specifications of the grounds of opposition to the discharge may, by general order No. 24, be filed. This case will stand for hearing on the specifications filed by Bond & O'Neill. Either party may take further testimony thereon.